**NOTE: CHANGES MADE BY THE COURT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAINIE LINDSEY, as Guardian ad Litem for minors: "PT", "BT", "RT1" "RT2", & "X", SHENIA ELDRIDGE as Guardian ad Litem for "RT3" & "RT4", DOMINIQUE KEATON as Guardian ad Litem for "DT", and ANNIE HARRIS for the Estate of Reginald THOMAS,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PASADENA, PASADENA POLICE CHIEF PHILLIP SANCHEZ, OFFICERS: MATHEW GRIFFIN, JEFFREY NEWLEN, THOMAS BUTLER, ROBERT GRIFFITH, MICHAEL OROSCO, PHILLIP POIRIER, RAFAEL SANTIAGO, AARON VILLACANA, SGT. AGUILAR & CORPORAL SUSAN GOMEZ individually and in their official capacity and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 2:16-cv-08602-SJO-RAOx<br><br>**PROTECTIVE ORDER REGARDING COUNTY OF LOS ANGELES DEPARTMENT OF MEDICAL EXAMINER-CORONER DOCUMENTS TO BE PRODUCED AND MEDICAL EXAMINER-CORONER PERSONNEL TESTIMONY GIVEN PURSUANT TO COURT ORDER DATED SEPTEMBER 14, 2017 (DOC. 67)** |

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

A discovery dispute arose between Plaintiffs in this action, and Non-Party County of Los Angeles Department of Medical Examiner-Coroner ("Medical Examiner-Coroner"), regarding Plaintiffs' request for production of records

- 1 -
PROTECTIVE ORDER

1 regarding the Medical Examiner-Coroner's "Autopsy File and Photographs" for
2 Plaintiffs' decedent, Reginald Thomas, as well as, the videotaped deposition of
3 Medical Examiner-Coroner employee, Dr. Ajay Panchal, under Medical Examiner-
4 Coroner Case No. 2016-07081 ("discovery in dispute").

5     On September 14, 2017, the Court held a hearing on Plaintiffs' Motion to
6 Compel regarding the discovery in dispute. The Court ordered the County of Los
7 Angeles to deliver the subject autopsy report to the Court on September 15, 2017,
8 for an *in camera* review, which was completed. The Court then issued a Minute
9 Order (Doc. 67) granting the Motion to Compel, limiting the production of the
10 subject Medical Examiner-Coroner autopsy documents to counsel for all Parties,
11 for "attorney eyes only", and subject to a stipulated protective order. The Court
12 also ordered counsel for all Parties and Non-Party County of Los Angeles to meet
13 and confer on the scheduling of the further deposition of Dr. Panchal. (Doc. 67)
14 The Court further ordered, among other things, that the protective order regarding
15 the discovery in dispute will remain in effect until the County of Los Angeles
16 Sheriff's Department lifts the current law enforcement security hold over the
17 investigation into the death of Reginald Thomas.

18     Accordingly, the Parties to this action stipulated to and petitioned the Court
19 to approve and enter a limited Protective Order. The protection it affords from
20 public disclosure and limited use extends only to the limited information or items
21 that are entitled to confidential treatment as ordered by the Court, and under
22 applicable legal principles.

23     B.    <u>GOOD CAUSE STATEMENT</u>

24     GOOD CAUSE exists to enter the Protective Order to balance the Party
25 defendants' and Non-Party County of Los Angeles' concerns that the discovery
26 documents in dispute consist of confidential, private, and privileged information,
27 currently placed under a law enforcement security hold, concerning the parties to
28 this litigation, as well as third Parties who are not Parties to this litigation.

- 2 -
PROTECTIVE ORDER

1       Furthermore, the proposed Protective Order was created pursuant to Court Order, for the purpose of protecting certain information that is subject to the official information privilege/law enforcement privilege as well as to prevent against the broadcast or dissemination of such information by any Party, balanced with plaintiffs' right to discovery in this litigation. All documents, tangible things, testimony, and videos marked "CONFIDENTIAL", and produced pursuant to this Protective Order, are subject to the terms of this Protective Order, unless otherwise ordered by the Court.

      Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties and Non-Party County of Los Angeles are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

### C. PROCEDURE FOR FILING UNDER SEAL

      As set forth in Section 10.3, below, this Protective Order does not entitle the Parties to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file protected material under seal.

      There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification,

must be made with respect to protected material that a Party seeks to file under seal. The Parties' and Non-Party County of Los Angeles' mere designation of disclosure or discovery material as CONFIDENTIAL does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a Party or Non-Party County of Los Angeles requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the Party or Non-Party County of Los Angeles seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

2. <u>DEFINITIONS</u>

2.1 "Action": this pending federal civil lawsuit.

2.2 "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Purpose and Limitation and Good Cause Statement sections.

2.4 Counsel: Outside Counsel of Record, and House Counsel, and Counsel for Non-Party County of Los Angeles (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information

or items that it produces in disclosures or in responses to discovery requests, or Court Order, as "CONFIDENTIAL".

    2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated pursuant to Court Order in this matter (Doc. 67).

    2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    2.8    House Counsel (i.e., Office of Pasadena City Attorney): attorneys who are employees of a Party to this Action, including support staff. House Counsel does not include Outside Counsel of Record, or any other outside counsel.

    2.9    Non-Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

    2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action, but are retained to represent or advise a Party or Non-Party to this Action, and have appeared in this Action on behalf of that Party or Non-Party, or are affiliated with a law firm that has appeared on behalf of that Party or Non-Party, and their support staff.

    2.11    Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record, and their support staff.

    2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

    2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

- 5 -
PROTECTIVE ORDER

1    2.14   Protected Material: any Disclosure or Discovery Material that is
2    designated as "CONFIDENTIAL."
3    2.15   Receiving Party: a Party that receives Disclosure or Discovery
4    Material from a Producing Party.
5    3.     SCOPE
6          The protections conferred by this Protective Order cover not only Protected
7    Material (as defined above), but also any information contained or extracted from
8    Protected Material and testimony, conversations, or presentations by Parties and
9    Non-Parties, or their Counsel, that might reveal Protected Material.  No copies of
10   the Protected Material will be made while the Protective Order is in effect, that is,
11   the duration of the current law enforcement security hold.
12         Any use of Protected Material at trial shall be governed by the orders of the
13   trial judge.  This Protective Order does not govern the use of Protected Material at
14   trial.  Pursuant to the Court's Standing Order at Paragraph 28, it is the Court, not
15   the parties, that determines whether a document can be filed under seal.  Thus, this
16   Protective Order cannot, and does not, attempt to pre-authorize any Party or Non-
17   Party to file documents under seal.  The Parties and Non-Parties acknowledge that
18   they are to strictly comply with Local Rule 79-5 and its subdivisions.
19   4.     DURATION
20         Pursuant to the Court's Order at Docket No. 67, "[t]he protective order will
21   remain in effect until the security hold is lifted by the Los Angeles County
22   Sheriff's Department."
23   5.     DESIGNATING PROTECTED MATERIAL
24         5.1   Manner and Timing of Designations.  Except as otherwise provided in
25   this Protective Order, or as otherwise stipulated or ordered, Disclosure or
26   Discovery Material that qualifies for protection under this Order must be clearly so
27   designated before the material is disclosed or produced.
28   ///

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, and the deposition transcript, and all video or other recordings of the deposition will be designated as "CONFIDENTIAL".

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL". If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate Protected Material as "CONFIDENTIAL" or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action, and

- 7 -
PROTECTIVE ORDER

as specifically limited by the Court Order Doc. 67. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Pursuant to the Court's Order Doc. 67, all material is for "attorneys' eyes only" and is not subject to disclosure in any manner.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking

protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party, the Court, and all other parties of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulated protective order submitted to the court.

10. <u>MISCELLANEOUS</u>

10.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 Right to Assert Other Objections. No Party or non-party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party or non-party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3 Filing Protected Material. A Party or non-party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party or non-Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

11. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

12. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: September 26, 2017

_____
HON. ROZELLA A. OLIVER
United States Magistrate Judge

# EXHIBIT "A" TO PROTECTIVE ORDER

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on September 26, 2017 in the case of *Lindsey, et al. v. City of Pasadena, et al.*, United States District Court case number 2:16-cv-08602-SJO-RAOx. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT "A" TO PROTECTIVE ORDER