# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAINIE LINDSEY, et al., | Case No. CV 16-08602-SJO (RAOx) |
| Plaintiffs, | |
| v. | CERTIFICATION AND ORDER TO SHOW CAUSE RE: CONTEMPT |
| CITY OF PASADENA, et al., | |
| Defendants. | |

## I. BACKGROUND

Plaintiffs, Defendants, and third-parties Sgt. Robert Gray and the Los Angeles County Sheriff's Department (collectively, "LASD") have been engaged in a dispute regarding compliance with the destruction or return provisions of protective orders previously issued in this case. On August 23, 2018, the undersigned magistrate judge ordered Plaintiffs to comply with the protective orders by September 6, 2018. Because it became apparent that Plaintiffs had failed to come into compliance by the September 6, 2018 deadline, the Court scheduled an order to show cause hearing for September 19, 2018. Dkt. No. 291.

On September 19, 2018, the undersigned held a hearing, but Plaintiffs' counsel failed to appear. Dkt. No. 292. On September 20, 2018, the Court ordered counsel to submit declarations. Dkt. No. 293. On September 24, 2018, counsel for

LASD submitted a declaration. Dkt. No. 294 ("Fuentes Decl."). On September 27, 2018, Plaintiffs' counsel Caree Harper submitted her declaration. Dkt. No. 297 ("Harper Decl."). Defendants' counsel also submitted declarations. Dkt. Nos. 295, 296.

On October 1, 2018, the undersigned determined that Ms. Harper's conduct with respect to the City of Pasadena's confidential material did not amount to contempt, but that monetary sanctions in the form of reasonable attorney's fees and costs under Federal Rule of Civil Procedure 37 were appropriate. Dkt. No. 298.

Given the apparent failure of Plaintiffs' counsel Caree Harper to comply with the protective order governing LASD confidential material and the portion of the August 23 order pertaining to LASD's confidential material, the undersigned finds it appropriate to certify facts to District Judge Otero for an order to show cause hearing as to why Ms. Harper should not be adjudged in contempt.

## II. LEGAL STANDARD

28 U.S.C. § 636(e) governs the magistrate judge's contempt authority. When a duty has been assigned to a magistrate judge under 28 U.S.C. § 636(b), as in this action, the magistrate judge's contempt authority is defined by 28 U.S.C. § 636(e)(6)(B). Where an act constitutes a civil contempt,

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

///

III. **CERTIFICATION OF FACTS**

Pursuant to 28 U.S.C. § 636(e)(6), Magistrate Judge Rozella A. Oliver HEREBY CERTIFIES the following facts to District Judge S. James Otero to consider in determining whether attorney Caree Harper should be held in contempt:

1. On November 30, 2017, the Court issued a protective order ("November 30 protective order") governing documents compiled in a "Homicide Book" by LASD. Dkt. No. 109. The November 30 protective order provides that upon termination of the litigation, confidential information "shall be tendered back to the LASD's counsel within 30 days or destroyed by the parties' counsel, after approval by LASD." *Id.* ¶ 9; *see also id.* ¶ 16 ("Upon termination of the instant case, counsel shall return any and all CONFIDENTIAL INFORMATION or information designated as confidential, including portions of deposition transcripts which may contain documents designated confidential, to the LASD's attorney of record for this matter, within thirty (30) days following termination of this matter.").

2. Also on November 30, 2017, the Court ordered LASD to produce a redacted version of the Homicide Book. Dkt. No. 108.

3. On December 6, 2017, LASD produced Exhibit A and Exhibit B, partial copies of the redacted version of the Homicide Book. Fuentes Decl. ¶ 5. Both were marked "Confidential." *Id.*

4. On December 8, 2017, LASD produced further confidential information in the form of three CDs, marked as Exhibits C, D, and E, and a thumb-drive, marked as Exhibit F. Fuentes Decl. ¶ 6.

5. On December 14, 2017, Plaintiffs' counsel deposed Sgt. Gray. Fuentes Decl. ¶ 7. The deposition was taken under seal and was marked confidential pursuant to the November 30 protective order. *Id.*

6. The parties settled the case, and on May 15, 2018, District Judge Otero entered an Order re Stipulation to Dismiss Entire Action with Prejudice. Dkt. No. 277. The Court retained jurisdiction for a period of 60 days. *Id.*

7. On May 18, 2018, counsel for LASD sent a letter to Ms. Harper requesting return of all confidential information pursuant to the terms of the November 30 protective order. Fuentes Decl. ¶ 8 & Ex. G. The letter requested the return of "the produced Confidential Homicide Book, and CDs, as well as portions of Sgt. Gray's deposition" by June 15, 2018. *Id.*

8. Counsel for LASD never received a response from Ms. Harper to this letter. Fuentes Decl. ¶ 9.

9. On July 3, 2018, Ms. Harper sent an email to counsel for Defendants and LASD counsel in response to their letters requesting compliance with the protective orders. Dkt. No. 278, Ex. K. Ms. Harper requested that if Defendants sought relief from the Court, they include her request that "the Court delay ruling on any order to destroy the murderbook or associated evidence" pending the results of a DNA test on another minor child of decedent Reginal Thomas. *Id.*

10. On July 6, 2018, counsel for Defendants emailed the Court, copying Plaintiffs' counsel and LASD counsel, and requested a hearing regarding compliance with the protective orders issued in this case. Dkt. No. 278, Ex. L.

11. Because the Court could not accommodate all counsel's schedules for a hearing, Defendants requested the Court extend the time period of the Court's jurisdiction over the matter. Dkt. No. 278. District Judge Otero granted Defendants' request on July 13, 2018. Dkt. No. 280. The parties subsequently reached out to the undersigned to schedule a telephonic hearing, and a hearing was scheduled for August 23, 2018 at 12:00 p.m. *See* Dkt. No. 281.

1    12. On August 23, 2018, the undersigned held a telephonic hearing.[1] *See* Dkt. No. 283. Ms. Harper appeared for Plaintiffs. *See id.* Kevin Osterberg appeared for the officer Defendants, Justin Sarno and Javan Rad appeared for the City Defendants, and Raymond Fuentes appeared for LASD. *See id.* After hearing the arguments of the parties, Plaintiffs were ordered to comply with the post-disposition/post-termination provisions of the protective orders by the close of business on September 6, 2018. *Id.*

13. On September 5, 2018, Plaintiffs filed an Ex Parte Application to Extend Jurisdiction of Judge Otero & Additional Relief ("Ex Parte Application"). Dkt. No. 284. The Ex Parte Application was filed and signed by Ms. Harper. *Id.* Ms. Harper declared that for "legitimate reasons beyond [her] control," she was "physically unable to comply with" the August 23 Order by September 6, 2018. *Id.* at 3. Ms. Harper did not elaborate on those reasons. Ms. Harper requested the Court extend its jurisdiction for the limited purpose of "allowing Plaintiffs [sic] counsel to retain the confidential documents obtained in this case until the Court can assist in the resolution/settlement of a pending/identical litigation . . . ." *Id.* at 2.

14. Counsel for LASD was not given prior notice of the Ex Parte Application. Fuentes Decl. ¶ 11.

15. Also on September 5, 2018, Ms. Harper initiated a new lawsuit in this district against the same Defendants on behalf of plaintiff Catrina Terry. *See Catrina Terry v. City of Pasadena California et al.*, CV 18-7730-SVW-E. To date, no notice of related cases has been filed in the *Terry* case, and there has been no request to extend the protective orders issued in the instant case to the *Terry* case.

---

[1] Due to a technical malfunction of the XTR Court Recorder System, the August 23, 2018 telephonic hearing was not recorded.

5

| | |
|---|---|
| 1 | 16. On September 6, 2018, District Judge Otero referred the Ex Parte Application to the undersigned. Dkt. No. 285. |
| 2 | 17. On September 6, 2018, Plaintiffs filed a Declaration of Compliance with the Magistrate's Order ("Declaration of Compliance"). Dkt. No. 288. The Declaration of Compliance was filed and signed by Ms. Harper. *See id.* Ms. Harper stated that she and four assistants made a diligent effort to locate LASD's confidential records, but were unable to do so. *Id.* at 4. Ms. Harper declared that she would "not be able to undertake another effort until September 19, 2018," and that she would "be physically unavailable until September 19, 2018." *Id.* |
| 3 | 18. Defendants and LASD filed their Opposition to the Ex Parte Application on September 7, 2018. Dkt. No. 290. In addition to setting forth their arguments as to why the Ex Parte Application should be denied, Defendants and LASD requested the Court find Plaintiffs and their counsel to be in civil contempt or consider issuing monetary sanctions. *Id.* at 9-10. |
| 4 | 19. On September 7, 2018, the Court denied the Ex Parte Application. Dkt. No. 291 ("September 7 Order"). The September 7 Order set an in-person hearing for September 19, 2018 at 10:00 a.m. as to why the Court should not issue monetary sanctions against Plaintiffs' counsel in the form of reasonable attorneys' fees and costs expended by counsel for Defendants and counsel for LASD in seeking compliance with the protective orders and the Court's August 23 Order. *Id.* Plaintiffs' counsel was ordered to undertake further efforts to search for LASD's confidential documents, and to be prepared to explain all such efforts at the September 19 hearing. *Id.* |
| 5 | 20. On September 19, 2018, the Court held a hearing for the order to show cause. *See* Dkt. No. 292. The Court was prepared to call the hearing at 10:00 a.m., but Plaintiffs' counsel was absent. The hearing was eventually called at approximately 10:31 a.m., with no appearance by Plaintiffs' counsel. The |


16. On September 6, 2018, District Judge Otero referred the Ex Parte Application to the undersigned. Dkt. No. 285.

17. On September 6, 2018, Plaintiffs filed a Declaration of Compliance with the Magistrate's Order ("Declaration of Compliance"). Dkt. No. 288. The Declaration of Compliance was filed and signed by Ms. Harper. *See id.* Ms. Harper stated that she and four assistants made a diligent effort to locate LASD's confidential records, but were unable to do so. *Id.* at 4. Ms. Harper declared that she would "not be able to undertake another effort until September 19, 2018," and that she would "be physically unavailable until September 19, 2018." *Id.*

18. Defendants and LASD filed their Opposition to the Ex Parte Application on September 7, 2018. Dkt. No. 290. In addition to setting forth their arguments as to why the Ex Parte Application should be denied, Defendants and LASD requested the Court find Plaintiffs and their counsel to be in civil contempt or consider issuing monetary sanctions. *Id.* at 9-10.

19. On September 7, 2018, the Court denied the Ex Parte Application. Dkt. No. 291 ("September 7 Order"). The September 7 Order set an in-person hearing for September 19, 2018 at 10:00 a.m. as to why the Court should not issue monetary sanctions against Plaintiffs' counsel in the form of reasonable attorneys' fees and costs expended by counsel for Defendants and counsel for LASD in seeking compliance with the protective orders and the Court's August 23 Order. *Id.* Plaintiffs' counsel was ordered to undertake further efforts to search for LASD's confidential documents, and to be prepared to explain all such efforts at the September 19 hearing. *Id.*

20. On September 19, 2018, the Court held a hearing for the order to show cause. *See* Dkt. No. 292. The Court was prepared to call the hearing at 10:00 a.m., but Plaintiffs' counsel was absent. The hearing was eventually called at approximately 10:31 a.m., with no appearance by Plaintiffs' counsel. The

|   |     |                                                                                      |
|---|-----|--------------------------------------------------------------------------------------|
| 1 |     | hearing lasted until approximately 10:43 a.m. Counsel for Defendants and             |
| 2 |     | LASD were present for the hearing. Counsel for Defendants and LASD                   |
| 3 |     | represented that they had not heard from Ms. Harper since the issuance of the        |
| 4 |     | September 7 Order.                                                                   |
| 5 | 21. | The minutes of the September 19 hearing were docketed at approximately               |
| 6 |     | 2:42 p.m. on September 19, 2018. *See* Dkt. No. 292, Receipt. At                     |
| 7 |     | approximately 3:35 p.m. on September 19, 2018, Ms. Harper emailed the                |
| 8 |     | Court.                                                                               |
| 9 | 22. | On September 20, 2018, in light of Ms. Harper's email, the Court ordered             |
|10 |     | Ms. Harper to submit a declaration setting forth the reasons for her failure to      |
|11 |     | attend the September 19, 2018 hearing and the status of her efforts in               |
|12 |     | complying with the protective orders. Dkt. No. 293. The Court also ordered           |
|13 |     | Defendants' counsel to submit declarations as to the reasonable attorney's           |
|14 |     | fees and costs that Defendants requested as sanctions. *Id.*                         |
|15 | 23. | On September 24, 2018, counsel for LASD submitted a declaration. Dkt.                |
|16 |     | No. 294. As of the date of the declaration, Ms. Harper had failed to return          |
|17 |     | any of LASD's confidential items. Fuentes Decl. ¶ 19. In the event the               |
|18 |     | Court finds that Ms. Harper has failed to return the items without excuse, the       |
|19 |     | Homicide Bureau requests that monetary sanctions be ordered payable to the           |
|20 |     | Court for the multiple hearings required to acquire these records. *Id.* ¶ 20.       |
|21 | 24. | On September 27, 2018, Ms. Harper submitted her declaration. Dkt. No.                |
|22 |     | 297. Ms. Harper explains that she made a mistake in failing to attend the            |
|23 |     | September 19 hearing and she apologizes to the Court. Harper Decl. ¶ 1.              |
|24 |     | Ms. Harper explains that she had been dealing with a personal/medical matter         |
|25 |     | from September 9 through September 16, and she suffered a death in her               |
|26 |     | family on September 10. *Id.* ¶ 2. Ms. Harper also has been in the process of        |
|27 |     | moving, and the Court date had not been calendared on her mobile phone.              |
|28 |     | *Id.* ¶ 3 n.1. Because she had expressed that she would not be physically able       |

to undertake another effort to search for the LASD documents until September 19, she believed the hearing would take place on September 20. *Id.* ¶ 3. Ms. Harper has not missed a federal court appearance in over 16 years of practice. *Id.* ¶ 9. Ms. Harper was at the storage unit on the date of the hearing. *Id.* She could have made an appearance in less than an hour had she been given a courtesy call. *Id.* ¶ 8.

25. With respect to the LASD documents, Ms. Harper searched her storage unit on September 19, 2018. Harper Decl. ¶ 5. The notebooks she believed were from the LASD confidential documents turned out to be from the coroner. *Id.* Ms. Harper states that she recently realized that Mr. Fuentes never provided documents, only a flash drive and DVDs that did not work properly and were discarded after the case settled. *Id.* Ms. Harper does not recall receiving Mr. Fuentes's May 2018 letter, and she explains that she had signed up for "list serves" which caused her to miss work emails because of the "onslaught of literally hundreds of chatter emails." *Id.* ¶ 7 n.3.

## IV. ORDER

IT IS HEREBY ORDERED that Plaintiffs' counsel Caree Harper appear personally before Hon. S. James Otero, U.S. District Judge, on **October 22, 2018, at 10:00 a.m.**, in Courtroom 10C of the United States Courthouse, located at 350 W. 1st Street, Los Angeles, CA 90012, to show cause why she should not be found in civil contempt based upon the facts this Court has certified.

DATED: October 1, 2018

*/s/ Rozella A. Oliver*

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE