Name Caree Haqrper SBN 219048
Address 100 Wilshire Blvd Suite 700
City, State, Zip Santa Monica, CA 90401
Phone 213) 386-5078
Fax
E-Mail ch1@attorneyharper.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☐ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SHAINIE LINDSEY et.al.

PLAINTIFF(S),

v.

CITY OF PASADENA et al.

DEFENDANT(S).

CASE NUMBER:

16-cv-8602SJO

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that __SHAINIE LINDSEY /(counsel CAREE HARPER)__ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☒ Judgment (specify):
392

☒ Other (specify):
ORDER DENYING PLAINTIFF'S
MOTION TO REOPEN AND VACATE
RULINGS IN DOCKET NUMBERS 361
AND 362

Imposed or Filed on ____9/~~17~~/20____ *#16*. Entered on the docket in this action on 9/17/20____.
A copy of said judgment or order is attached hereto.

10/16/20
Date

Signature
☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

\* COUNTLESS ATTEMPTS TO GET ON EFILE ON 10/16/20

A-2 (01/07)  NOTICE OF APPEAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV16-08602 SJO(RAOx) | Date | September 16, 2020 |
|---|---|---|---|
| Title | Shainie Lindsey, et al. v. City of Pasadena, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, Chief United States District Judge |
|---|---|
| Joseph Remigio | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiffs' Motion to Reopen and Vacate Rulings in Docket Numbers 361 and 362

Before the Court is Plaintiffs' Motion to Reopen and Vacate the Court's rulings in docket numbers 361 and 362. Dkt. # 370 ("*Mot.*"). Defendants oppose this Motion, *see* dkt. # 391 ("*Opp.*"), and Plaintiffs have not replied. The Court finds the matter appropriate for decision without oral argument and vacates the hearing set for September 23, 2020. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving and opposing papers, the Court **DENIES** Plaintiffs' Motion.

I.  Background

In 2016, Plaintiffs, three guardians ad litem representing some of Reginald Thomas's heirs, commenced this civil rights action raising § 1983 claims, among others, stemming from the death of Thomas following an encounter with officers of the City of Pasadena Police Department. *See generally Complaint*, Dkt. # 1. In May 2018, the Court dismissed the entire action with prejudice pursuant to a settlement agreement reached by the parties. Dkt. # 277. Plaintiffs now ask the Court to reopen and vacate the rulings in docket numbers 361 and 362. *See Mot.* Relevant to both rulings is the Protective Order issued on October 27, 2017. Dkt. # 85. The Protective Order sets forth, among other things, how parties could designate materials as confidential, the post-disposition return or destruction requirements of such materials, and recourse for potential violations. *Id.* ¶¶ 5.2, 13 14.

*Docket Number 361 Order.* In the Court's August 8, 2019 Order, lodged as docket number 361, the Court denied Plaintiffs' Motion for Reconsideration of the Court's denial of Plaintiffs' motion requesting that the Court sanction defense counsel Kevin Osterberg and the City of Pasadena for allegedly violating the Protective Order. *See* Dkt. # 361. The Court denied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV16-08602 SJO(RAOx) | Date | September 16, 2020 |
|---|---|---|---|
| Title | Shainie Lindsey, et al. v. City of Pasadena, et al. | | |

Plaintiffs' initial request for sanctions, "determining that (1) it is the party designating a document as confidential that controls its public availability and (2) that, as the receiving party, Plaintiff lacked standing to seek sanctions." *Id.* at 2 (citing *Order Denying Plaintiff's Motion for Sanctions*, Dkt. # 350, 3). In denying Plaintiffs' Motion for Reconsideration, the Court reiterated that "Plaintiff lacks standing to challenge the purported breach of the Protective Order because it is the designating party that is aggrieved when its confidential information is publicly released." *Id.* at 3.

*Docket Number 362 Order.* In the Court's other August 8, 2019 Order at issue, the text only entry lodged as docket number 362, the Court denied Plaintiffs' Ex Parte Application for Enlargement of Time to File a Notice of Appeal. Dkt. # 362. The Court denied the request finding that Plaintiffs had failed to show excusable neglect or good cause. *Id.* Plaintiffs had sought an enlargement of time to file a notice of appeal regarding sanctions that were imposed on Plaintiffs' counsel for failing to promptly comply with the post-disposition return or destruction requirements of the Protective Order. *See Pls.' Ex Parte Mot. to Extend Time to File Not. of Appeal*, Dkt. # 319; *Minute Order Re Rule 37(b) Sanctions*, Dkt. # 298.

II.   Legal Standard

Federal Rule of Civil Procedure 60(b)(6) allows a court to relieve a party from a final judgment, order, or proceeding for, among other enumerated reasons, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Motions under Rule 60(b)(6) must be brought "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

To receive relief, a party must demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2001) (quoting *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (per curiam)); *accord Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). The party seeking relief must demonstrate "both injury and circumstances beyond his control that prevented him from proceeding with" the action properly. *Cmty. Dental Services*, 282 F.3d at 1168. Courts use Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-08602 SJO(RAOx) | Date | September 16, 2020 |
|---|---|---|---|
| Title | Shainie Lindsey, et al. v. City of Pasadena, et al. | | |

III.  Discussion

Although Plaintiffs fail to identify the specific provision of Rule 60(b) under which their Motion is brought in the Motion itself, the declaration of Plaintiffs' counsel makes clear that Plaintiffs' Motion is brought under Rule 60(b)(6). *See Declaration of Caree Harper*, Dkt. # 370-4, ¶ 4 ("FRCP Rule 60(b)(6) permits relief for any reason that so justifies it. I respectfully submit that fundamental fairness dictates that relief be granted here."). Plaintiffs' Motion fails because Plaintiffs have conceded their Motion is not timely and Plaintiffs have not demonstrated extraordinary circumstances justifying relief under Rule 60(b)(6).

Defendants argue that each of the *Lemoge* factors weigh heavily in favor of finding that Plaintiffs' Motion has not been brought within a reasonable time. *See Opp.* 4:7 5:21. Plaintiffs have not filed a reply and, thus, have offered no response to this argument.[1] Arguments to which no response is supplied are deemed conceded. *See, e.g., In re Benham*, No. LACV 13-00205 VBF, 2014 WL 4543268, at *5 (C.D. Cal. Sept. 12, 2014), *aff'd*, 678 F. App'x 474 (9th Cir. 2017) (finding that a bankruptcy appellant conceded a factual issue by not contesting defendants' representations of the record in his reply, and collecting cases); *Roxsan Pharmacy, Inc. v. CVS Caremark Corp.*, No. CV 14-330 FMO(AJWx), 2014 WL 12580230, at *4 (C.D. Cal. June 2, 2014).

Nonetheless, even if Plaintiffs had not conceded the timeliness issue, Plaintiffs' Motion would still fail because Plaintiffs have not demonstrated that extraordinary circumstances beyond their control have prevented them from taking timely action to prevent or correct the alleged erroneous orders. To start, as to Docket Number 361 Order, Plaintiffs fail to offer any basis for why they believe the Order was erroneous or should be vacated under Rule 60(b)(6), let alone even hint at the existence of extraordinary circumstances. *See generally Mot.*

Next, Plaintiffs attack the Docket Number 362 Order based on a perceived error in the order itself. Plaintiffs argue that the Court's denial of the Plaintiffs' Ex Parte Application for Enlargement of Time to File a Notice of Appeal was erroneous because the Court's order mistakenly stated that Plaintiffs' counsel had one torn rotator cuff, rather than two. *Mot.* 3:3 10.

---

[1] Plaintiffs also fail to address the timeliness issue in their Motion because they assert that their motion is within the one-year time frame for bringing a motion under Rule 60(b). *Mot.* 4:1 3. However, the one-year time frame applies only to motions brought under Rule 60(b)(1) (3), not Rule 60(b)(6). *See* Fed. R. Civ. P. 60(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV16-08602 SJO(RAOx) | Date | September 16, 2020 |
|---|---|---|---|
| Title | Shainie Lindsey, et al. v. City of Pasadena, et al. | | |

Plaintiffs' argument is without merit. The Court's finding that Plaintiffs had not shown excusable neglect or good cause rested on the following:

> The only excuse provided for her tardiness is a rotator cuff tear that occurred in September and early October. Yet, Plaintiff's counsel filed three separate documents and appeared in person before the Court shortly after her injuries and before the 30 day deadline in which to file an appeal. In none of these instances did she request an extension, instead choosing to file her request, ex parte, on the day of her appeal. This behavior does not constitute good cause.

Dkt. # 362.

Even if the Court used the singular to refer to counsel's torn rotator cuff, the Court's acknowledgment of two injuries is demonstrated by the Court's reference to counsel's injuries that occurred in September *and* early October. *See id.* Regardless, the Court's decision was clearly not dependent on the number of torn rotator cuffs. Further, any perceived error was known to Plaintiffs once the Order was issued, and, thus, can hardly be considered extraordinary circumstances that warrant granting relief under Rule 60(b)(6). Additionally, Plaintiffs try to attack Docket Number 362 Order based on Plaintiffs' characterization of how the underlying matter was handled during hearings that occurred in 2017 and 2018. *See Mot.* 4:18 5:2. Not only are such arguments irrelevant to the Court's finding that there was no excusable neglect or good cause, but they fail to demonstrate extraordinary circumstances as they were known to Plaintiffs well before they filed the instant motion.

Accordingly, Plaintiffs have failed to demonstrate the existence of extraordinary circumstances that would warrant granting relief under Rule 60(b)(6).

### IV. Conclusion

For these reasons, Plaintiffs' Motion to Reopen and Vacate the Court's rulings in docket numbers 361 and 362 is **DENIED**.

**IT IS SO ORDERED.**